Roger Vincent Ford v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-05-052-CR

ROGER VINCENT FORD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In June 2002, Appellant Roger Vincent Ford entered an open plea of guilty to aggravated sexual assault of a child under fourteen years of age.  The trial court found Appellant guilty and sentenced him to thirty-five years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Almost a year later, this court affirmed the trial court’s judgment.
(footnote: 2)  Less than four months after this court affirmed his conviction and sentence, Appellant filed a motion for DNA testing.  The trial court denied the motion, and Appellant appeals from that denial.  Because we hold that the trial court properly denied the motion, we affirm the trial court’s order.

In one point, Appellant contends that the trial court erred by denying his request for DNA testing solely because of Appellant’s guilty plea.  Article 64.03 of the Texas Code of Criminal Procedure provides, among other things, that “[a] convicted person who pleaded guilty or nolo contendere in the case may submit a motion under this chapter, and the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that plea.
(footnote: 3)  As the State points out, Appellant did not just plead guilty; he gave a written statement substantiating his guilt.  That is, Appellant confessed that he rubbed lotion on the complainant’s body, that she rubbed lotion on his penis, that she lay on top of him, and that his penis touched her sexual organ without penetrating it.  Even though Appellant claimed in an affidavit submitted in support of his motion for DNA testing that his confession was false and involuntary, Appellant did not challenge the validity of his confession on direct appeal.
(footnote: 4)  We hold that the trial court properly took Appellant’s confession into consideration as evidence of the crime.
(footnote: 5)  We therefore also hold that the trial court did not improperly rely solely on Appellant’s guilty plea in denying his motion for DNA testing.  We overrule Appellant’s sole point and affirm the trial court’s order.

PER CURIAM

PANEL F: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 4, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Ford v. State
, 2003 WL 2135559, No. 02-02-276-CR (Tex. App.—Fort Worth May 29, 2003, no pet.) (not designated for publication).

3:
Tex. Code Crim. Proc. Ann.
 art. 64.03 (Vernon Supp. 2004-05).

4:
See Ford
, 2003 WL 2135559.

5:
See Rivera v. State, 
89 S.W.3d 55, 60 (Tex. Crim. App. 2002); 
Dorsey v. State,
 2004 WL 1688804, at *3-4 (Tex. App.—Houston [1
st
 Dist.] July 29, 2004, no pet.) (not designated for publication).